The declaration contained two counts. The first stated two writs offieri facias, issued by a justice of the peace for the county of Buncombe *Page 354 
and directed to any lawful officer of said county, commanding him to levy of the goods and chattels of the plaintiff Honeycut, two debts of $2.16 and $2.05 respectively, besides costs, etc., before then recovered by one Joseph Ray, against the said plaintiff, before a justice of the peace of the said county, and to have the said moneys, etc.; and if no goods and chattels were to be found, then to levy on the lands and tenements of the said Honeycut; which writs were on, etc., at, etc., delivered to the defendant Angel, who then, etc., was constable of and in said county; and then alleged that "by virtue of which said executions, afterwards, and before the return of the said executions, viz.: on, etc., at, etc., as such constable did seize and take into execution, the property of the said David Honeycut, of much greater value than the debts aforesaid of $2.16 and $2.05, and the costs aforesaid, well knowing that part of the property so taken into execution was sufficient to satisfy the said debts, etc., yet contriving, etc., the said Daniel afterwards, to wit, on, etc., at etc., did expose to sale and did sell the property so levied upon, which was much more than sufficient to pay the debts of, etc., and costs aforesaid; by means whereof the said David Honeycut was then and there wholly deprived of the use of the said property so levied upon, and hath been, and is by means of the premises, greatly injured and damnified, etc."
The second count, after setting forth the judgments and executions as in the preceding one, and the delivery of the writs to the defendant, proceed as follows: "By virtue of which said executions the said Daniel Angel, so being constable as aforesaid, afterwards, viz.: on, etc., at, etc., did fraudulently levy upon the lands of the plaintiff, well knowing at the time of said levy that the said David Honeycut had personal property, subject and liable to be levied upon by said executions, much (451) more than sufficient to satisfy the said debts of, etc., and fraudulently contriving and wrongfully and unjustly intending to injure, oppress and impoverish the plaintiff, afterwards, to wit: on, etc., at, etc., under color and in pursuance of said levy upon the land aforesaid, did return the same to the Court of Pleas and Quarter Sessions of the county aforesaid, and the sheriff of said county, in pursuance of his duty as sheriff of said county, and in pursuance of a writ ofvenditioni exponas, to him directed from the said Court of Pleas and Quarter Sessions, which said venditioni exponas was issued according to act of Assembly in such case made and provided, upon and in pursuance of said levy, did sell and dispose of at public sale the said land of the said David Honeycut, levied upon by the said Daniel, constable as aforesaid, and made title thereto to the purchaser, by means whereof the said David Honeycut was then and there wholly deprived of the use and possession of his *Page 355 
land, and hath been, and is by means of the premises greatly damnified, etc."
The case was tried on the general issue, and a general verdict rendered in favor of the plaintiff for $589.82. The defendant moved for a new trial on the ground of misdirection to the jury, which was refused, and a judgment rendered for the plaintiff, from which the other party appealed.
Upon the motion for a new trial the case stated in the record is, "that it was in evidence that the plaintiff had notice of the proceedings in court relating to the levy upon the land by the defendant, but had no notice of the levy before the return to court. Upon this it was insisted by the counsel for the defendant that the measure of damages should be expenses incurred in court and in selling the land after the return of the defendant as constable. But his Honor charged the jury `that the plaintiff was entitled to recover all the damages he sustained in consequence of the illegal act of the defendant.' And, under these instructions the jury assessed the plaintiff's damages to the full value of the land at the time of the levy, deducting the debts and costs."
On the part of the defendant it has been contended that there (452) ought to be a venire de novo, because it is obvious that there was no evidence applicable to the first count, and because, upon the second count, the damages assessed could be proper only in the case that the plaintiff was the owner in fee of the land and had been deprived, by means of the defendant's conduct, both of the possession and property in it — neither of which circumstances appear to have existed.
The Court, however, is of opinion that the judgment cannot be reversed upon those grounds. It has been repeatedly declared by the Court that every presumption is to be made in favor of the verdict of the jury and of the correctness of the instructions of the Court. Hence, the want of a case, stated in the record, sufficient to authorize the verdict or give rise to the opinions delivered by the judge, does not per se render the judgment erroneous. It is deemed right until the contrary appear, and therefore the record must set out such of the proceedings at the trial as will show affirmatively that there was no error, otherwise it must necessarily be affirmed. Pickett v. Pickett, 3 Dev. Rep., 7; Atkinson v. Clarke, 3 Dev Rep., 171. If the facts deemed by the counsel for the defendant essential to the correctness of the verdict be really and legally so, then it must be presumed that they were proved, because it cannot be *Page 356 
supposed the verdict would have been rendered without such proof, so we must likewise determine with respect to the judge's charge. In itself, indeed, it is so obviously correct that it must be assented to by everyone, "that the plaintiff was entitle to recover all the damages he had actually sustained." The error, if any, consists in not stating to the jury that, in this case, the plaintiff could not recover the whole value of the land because he had not lost his estate in or his possession of the land. But it in no manner appears that the plaintiff had not sustained those injuries, and it is not in the power of this Court to assume that he had not, the verdict to the contrary notwithstanding. Whatever the right of the defendant may, therefore, have been in this respect we are, by reason of his own defective statement of the proceedings at the trial, unable to assist him.
(453) In anticipation of this opinion of the Court, upon the motion for a new trial, the counsel for the defendant also insisted that the judgment ought to have been arrested, and moved the Court to reverse the judgment, and now arrest it. Upon this motion our opinion is with the defendant. And here it is to be remarked that while upon the former question the Court was bound to presume every fact necessary to support the verdict, we are, in this stage of the case, restrained from presuming or admitting any matter of substance not found in the record. The plaintiff cannot have a judgment unless he allege in his pleadings such facts as, in justice and in law, entitle him to it. Here the case of the plaintiff, as stated in the declaration, is, in our opinion, radically defective.
The verdict is entered generally upon both counts, and therefore, if either be defective the plaintiff cannot have judgment. We think, indeed, that both counts are bad. The first count was intended to be for a malicious and excessive levy and sale by the defendant as a constable. It does not specify the things levied on or sold, but simply alleges that the defendant seized and took into execution and sold "the property" of the plaintiff to a greater value than the debts, when he well knew that a part of the property so taken was sufficient to satisfy the debts and other sums to be raised on the executions. It is observable, first, that the property
levied on and sold may have been real or personal property. If the former, then the plaintiff sustained no injury by the acts of the defendant, because neither the levy nor sale by the a constable can divest the owner of land of his title, or disturb his possession. The sale would be merely void, and work no injury to the plaintiff. Next, if the property be admitted to have been personalty, then there is no averment that it was not an entire thing, or that there were, at the time of the levy, other goods or chattels of the plaintiff in such different and distinct parcels or kinds that the defendant might have taken a reasonable part *Page 357 
thereof, and not the thing which he did take and which was of greater value than the sums to be raised. The plaintiff cannot complain that the officer seizes an article of greater value than the debts and sold it, unless he shows, farther, that it was divisible, or that the officer had notice that there were other articles existing separately, and (454) nearer in value to the money to be raised. It is not a wrong in an officer to levy on the only thing known to him as belonging to the debtor, whatever may be its value. But not to insist on defects in the first count — on which probably no evidence was given — we will consider next, on which the evidence was given, and which, therefore, involves the merits of the controversy.
Not to speak of the imperfect and inartificial statements, in several respects, of the second count, in point of form, it is sufficient to say that, in point of substance, it is essentially insufficient, in not stating an eviction of the plaintiff or some disturbance by the defendant, or by some person deriving a title under the sheriff's sale and conveyance. Supposing that we may understand, by the words "made title thereto to the purchaser," that the sheriff had sold and conveyed the land in a valid manner; yet it must appear that some person in particular, claiming and getting title by virtue of the sheriff's deed, turned or kept the plaintiff out of possession, at the least. It may be sufficient, in the case of personal chattels, to state the levy and sale, as the means whereby the injury accrued; because by the sheriff's seizure the owner lost his possession, and by the sale was finally divested of his interest. But it must be otherwise with respect to land. The mere levy, sale and conveyance can never, by themselves, constitute an injury. They may possibly form a cloud over the plaintiff's title, but they do not interfere with his enjoyment of the property, unless the purchaser asserts and acts on his title by taking possession under it. The purchaser may have been the agent of the plaintiff, and have bought in trust for him. In fine, unless the plaintiff has been disturbed, however serious the injury meditated by the defendant, none has been really inflicted on the plaintiff, nor loss sustained by him. It will be time enough to ask that the defendant shall pay him for his land when he shows that he has lost it in consequence of the defendant's acts. The judgment must be reversed with costs to the defendant.
PER CURIAM. Judgment arrested. (455)
Cited: Jones v. Palmer, 83 N.C. 305; Cowles v. Railroad, 84 N.C. 312;Chasteen v. Martin, id., 395; State v. Craige, 89 N.C. 479; State v.Lanier, id., 520.
Dist.: Brown v. Kyle, 47 N.C. 443. *Page 358